UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JOHN DOE, subscriber assigned IP address 66.108.189.206,<br><br>                              Defendant. | 23 Civ. 11221 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On September 28, 2023, Plaintiff initiated this action against an anonymous Defendant, alleging infringement of Plaintiff's copyright to thirty-one (31) digital media files. *See* Compl., ECF No. 1. Plaintiff identifies Defendant by his assigned IP address. *Id.* ¶ 5. On January 25, 2024, Plaintiff filed a motion for leave to serve a third-party subpoena on Spectrum, Defendant's Internet Service Provider ("ISP"), pursuant to Federal Rule of Civil Procedure 45. *See* ECF No. 7. For the reasons given below, Plaintiff's motion is **GRANTED**, subject to certain limitations.

## BACKGROUND

The following facts are drawn from the Complaint and Plaintiff's memorandum of law in support of this motion. *See* ECF Nos. 1, 8. They are assumed to be true solely for the purpose of adjudicating Plaintiff's motion.

Plaintiff owns and distributes adult motion pictures through various websites and DVD sales. *See* Compl. ¶ 3. Plaintiff alleges that Defendant—who is currently known only through an IP address—downloads and distributes Plaintiff's materials using a BitTorrent protocol. *Id.* ¶¶ 4, 31-33. Plaintiff used IP address geolocation technology to trace Defendant's IP address to a physical address in this District, accurate to the zip or postal code level. *Id.* ¶¶ 9-10. Plaintiff

seeks an order granting it leave to serve a subpoena on Spectrum, Defendant's ISP, to identify the name and address of the user of the IP address in question.  *See* ECF No. 7.

## LEGAL STANDARD

Pursuant to Rule 26(d)(1), parties generally may not seek discovery prior to conferral before the initial pretrial conference required by Rule 26(f).[1]  However, courts may order expedited discovery, applying "a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, No. 22 Civ. 7797, 2022 WL 4448751, at *1 (S.D.N.Y. Sept. 23, 2022).[2] The Second Circuit has articulated five "principal factors" that should guide a court's decision:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Id.* (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).  Rule 26(c) allows a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

Plaintiff's motion is granted because it has established that the *Arista Records* factors favor its application.  First, accepting the allegations of the Complaint as true, Plaintiff has established a prima facie case of copyright infringement.  "Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying." *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003); *accord*

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

[2] In all quoted cases, internal quotation marks, citations, ellipses, alterations, and emphases are omitted unless otherwise indicated.

2

*Joseph v. Buffalo News, Inc.*, 792 F. App'x 60, 62 (2d Cir. 2019) ("A plaintiff states a claim for copyright infringement by showing that he possessed a valid copyright and that the defendant copied or distributed her copyrighted work without authorization."). Plaintiff sufficiently alleges that it owns valid copyrights in the videos in question and that Defendant distributed its works without permission. Second, Plaintiff seeks only the name and address of Defendant, information "that courts within this district have considered 'highly specific in nature.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019). Third, there is no readily apparent alternative means to obtain the requested information, save identification of the IP address user in question through the ISP. Fourth, absent this information, Plaintiff will functionally be unable to advance its claim, because it will not be able to serve Defendant or pursue this action. "Finally, while the Court is sensitive to the fact that Defendant's viewing of these particular copyrighted works may be the source of public embarrassment, courts in this district have nonetheless concluded that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC v. Doe*, No. 20 Civ. 7918, 2020 WL 5879839, at *2 (S.D.N.Y. Oct. 2, 2020). The *Arista Records* factors favor Plaintiff.

Courts in this District regularly issue protective orders or require certain procedural safeguards when issuing similar subpoenas requested by Plaintiff, due to the potential for embarrassment and the risk of false identifications of the users of an IP address. *See, e.g.*, *Strike 3 Holdings, LLC*, 2022 WL 4448751, at *3-4; *Strike 3 Holdings, LLC*, 2020 WL 5879839, at *2; *Strike 3 Holdings, LLC*, 329 F.R.D. at 523-24; *Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 3716, 2019 WL 2051780, at *1-2 (S.D.N.Y. May 8, 2019). The Court finds these decisions persuasive and limits the subpoena as described below.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff may serve a Rule 45 subpoena on Spectrum to obtain Defendant's name and address. Plaintiff may not subpoena the ISP for Defendant's email address or telephone number. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

It is further **ORDERED** that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise, subject to the conditions described in the "Notice to Defendant" attached as Exhibit A to this Order.

It is further **ORDERED** that non-party Spectrum shall have forty-five (45) days from the date of service of the subpoena upon it to serve upon Defendant a copy of the Notice to Defendant, a copy of the subpoena, and a copy of this Order. Spectrum may serve Defendant using any reasonable means, including written Notice sent to his or her last known address, transmitted by first class mail or by overnight service.

It is further **ORDERED** that Defendant shall have sixty (60) days from the date of service upon him or her of the Notice, subpoena, and Order to file any motion with this Court contesting the subpoena (including a motion to quash or modify the subpoena). Spectrum shall not turn over Defendant's identifying information to Plaintiff prior to the expiration of this sixty-day period. If Defendant or Spectrum files a motion to quash or modify the subpoena, Spectrum shall not turn over any information to Plaintiff until the Court resolves the motion and orders Spectrum to turn over the information.

It is further **ORDERED** that Spectrum shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further **ORDERED** that Spectrum, upon receipt of the subpoena, shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested by

4

Plaintiff.  If Spectrum elects to charge Plaintiff for the costs of production, it shall provide Plaintiff with a billing summary and cost report.

It is further **ORDERED** that any information ultimately disclosed to Plaintiff in response to the subpoena shall be used solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.  Plaintiff's time to serve the summons and Complaint on Defendant is extended to forty-five (45) days after Plaintiff receives the information from the ISP pursuant to the subpoena.  Plaintiff shall not initiate settlement discussions prior to service of the Complaint without permission from the Court.  Provided, if Defendant initiates such discussions, Plaintiff may participate and settle the case.

It is further **ORDERED** that Plaintiff shall file a status letter by **May 31, 2024**, and every sixty (60) days subsequently until Defendant files an answer or otherwise responds to the Complaint.  Such letter(s) shall describe Plaintiff's efforts to obtain the necessary information from the ISP and to serve Defendant.  Failure to submit such letters may result in dismissal for failure to prosecute.

The Clerk of Court is respectfully directed to close the motion at ECF No. 7.

Dated: April 18, 2024
      New York, New York

DALE E. HO<br>
United States District Judge

# EXHIBIT A

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 66.108.189.206*, No. 23 Civ. 11221 (DEH), a case now pending before the Honorable Dale E. Ho, United States District Judge for the Southern District of New York. Attached is Judge Ho's Order, dated April 18, 2024, setting forth certain deadlines and procedures related to this case.

   You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Centre Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

2. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

3. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP"). If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within sixty (60) days of the date that you receive notice from your ISP that you are a defendant in this case.

4. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, **if you choose to represent yourself in any proceedings before the Court, including a motion to quash the subpoena, you must provide your real name and address to the Court.** To do so, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

5. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you or your lawyer should provide a letter stating that you would like to proceed anonymously, within sixty (60) days of the date that you receive notice from your ISP. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.